IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **TEAMSTERS LOCAL 639 –** | * | |
| **EMPLOYERS HEALTH TRUST,** *et. al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. PJM 14-2331 |
| **GINA ANDERSON and** | * | |
| **ANTHONY ANDERSON,** | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Plaintiff Teamsters Local 639 – Employers Health Trust is an employee welfare benefit plan within the meaning of Sections (1) and (3) of ERISA, 29 U.S.C. § 1002(1), (3). Along with its trustees, Plaintiffs Thomas Ratliff, John Gibson, Philip Giles, Eric D. Weiss, Ray Howard, Michael Bull, Anthony Smith, and Frank W. Stegman (the "Health Trust"), the Health Trust has sued to enforce a subrogation provision of its plan, requiring Defendants Gina and Anthony Anderson to reimburse the Health Trust for medical expenses it paid on behalf of Ms. Anderson from funds received pursuant to a settlement with a third party. The Andersons have filed a Motion to Dismiss for Lack of Jurisdiction (Paper No. 11). For the reasons that follow, the Andersons' Motion to Dismiss for Lack of Jurisdiction (Paper No. 11) is **DENIED**.

On or about November 3, 2009, Gina Anderson sustained injuries during a medical procedure that resulted in incomplete quadriplegia. As a result, Ms. Anderson required medical services and, because the Andersons are beneficiaries of the HealthTrust, it paid $97,846.60 for those services. But Ms. Anderson also retained counsel and sued for her injuries, ultimately reaching a settlement purportedly in excess of the amount the Health Trust advanced.

The Health Trust alleges that it first requested that Ms. Anderson reimburse its advances out of her settlement proceeds, as required by its Summary Plan Description ("SPD").  When Ms. Anderson did not, the Health Trust brought this suit, seeking, *inter alia*, to enforce the terms of the SPD, and asking the Court (1) to declare that it has an equitable lien on all amounts related to the injury; and (2) to order the Andersons and their agents to hold any settlement amounts in a constructive trust to be used to reimburse the Health Trust.

The Andersons have moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  They argue that the Health Trust's suit, seeking enforcement of the SPD's reimbursement provision, amounts to an improper legal claim for damages under ERISA Section 502(a)(3), which only grants federal courts jurisdiction over equitable causes of action.  *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002).

The Health Trust responds that the Andersons ignore subsequent case law allowing it to sustain this action.  *See Sereboff v. Mid-Atlantic Serv., Inc.*, 547 U.S. 356 (2006).  In *Sereboff*, the Supreme Court determined a fiduciary may at times sue a beneficiary under ERISA for reimbursement of medical expenses.  Distinguishing from *Knudson*, the Court noted that the petitioner "sought to impose a constructive trust or equitable lien on particular funds or property in the defendant's possession. That requirement was not met in *Knudson*, because the funds to which petitioners claimed an entitlement were not in Knudson's possession." *Id.* at 362 (internal quotations and citations omitted).  The Health Trust argues that the facts here are like the ones in *Sereboff*, and distinct from those in *Knudson*, thus allowing this Court to exercise its jurisdiction.

The Court agrees with the Health Trust.  The mere fact that the Health Trust has sought enforcement of a reimbursement provision does not mean the relief sought is legal rather than

equitable, thereby depriving this Court of jurisdiction. As the Supreme Court explained, "ERISA provides for equitable remedies *to enforce plan terms,* so the fact that the action involves a breach of contract can hardly be enough to prove relief is not equitable; that would make § 502(a)(3)(B)(ii) an empty promise." Indeed, the Supreme Court "did not reject Great-West's suit [in *Knudson*] out of hand because it alleged a breach of contract and sought money, but because Great-West did not seek to recover from a particular fund from the defendant. Mid Atlantic does." *Id.* at 363.

The same is true here. The Health Trust does not seek to attach liability to the Andersons' assets generally. Rather, it seeks to enforce plan terms that allow it to recover from specific funds received pursuant to the Andersons' settlement with a third party and currently held in escrow by the Andersons' counsel. This Court therefore has jurisdiction over this case.

For the foregoing reasons, the Court **DENIES** the Andersons' Motion to Dismiss for Lack of Jurisdiction (Paper No. 11).

A separate Order will **ISSUE**.

                                            /s/
                             **PETER J. MESSITTE**
                      **UNITED STATES DISTRICT JUDGE**

**January 13, 2015**